*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-240

APRIL TERM, 2016

| | |
|---|---|
| Sherry Snyder | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| v. | } Family Division |
| | } |
| | } |
| Timothy Snyder | } DOCKET NO. 246-9-14 Bndm |
| | |
| | Trial Judge: William D. Cohen |

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order. On appeal, he argues that the court erred in awarding real property to wife. We reverse and remand.

The record reveals the following. The parties were married for twenty years and have no children together. Husband has a daughter from a prior relationship. The parties lived in a home wife owned prior to the marriage. During the marriage, they acquired property adjacent to the marital home and built a garage in which husband operated an automotive-repair business. Both properties are encumbered by mortgages. Wife filed for divorce in September 2014 after husband was charged with aggravated sexual assault for acts involving his minor daughter. The court held a contested hearing in the divorce matter, and husband appeared by telephone. By the time of the final divorce hearing, husband had pleaded guilty in the criminal matter and been sentenced to thirteen years to life imprisonment.

Following the hearing, the court issued a written order disposing of the marital property. The court granted each party the vehicles and bank accounts titled in their names and divided the personal property. The court awarded wife title to the two parcels of real property, and made her solely responsible for the mortgages, property taxes, and other expenses related to the properties. The court stated that if wife sold the garage property within five years, she must split any remaining equity with husband. The court briefly explained that wife was awarded the property because of husband's incarceration.

On appeal, husband contests the award of the garage property to wife. He contends that he contributed equally during the marriage and should have been granted the garage. Alternatively, he seeks an order delaying a decision on property division until he is no longer incarcerated.

There is no authority under the statute to grant this latter request. The family division is directed to "settle the rights of the parties to their property," 15 V.S.A. § 751(a), and cannot delay this for the period of time until defendant is released.

In dividing marital property, the family division is directed to consider several statutory factors. 15 V.S.A. § 751. The court is not required to specify the weight given to each factor. Molleur v. Molleur, 2012 VT 16, ¶ 15, 191 Vt. 202. The court has "broad discretion" to consider these factors. Wade v. Wade, 2005 VT 72, ¶ 13, 178 Vt. 189. "When fashioning an equitable award, the court must explain the underlying rationale for its decision, which we will not disturb absent a showing that the court abused its discretion." Id. (citation omitted).

The court's discretion is not unlimited, however, and it must "provide a clear statement as to what was decided and why." Dreves v. Dreves, 160 Vt. 330, 333 (1993) (quotation omitted). The decision here failed to reach that standard. In support of its decision to award wife the parties' real property, subject to a five-year sell provision, the court stated simply that this distribution was based on husband's "sentence to serve." Husband's incarceration in itself does not preclude him from being awarded property. There may be reasonable and equitable reasons to award the property to wife over husband, but the court did not make findings on these factors, and they are not stated in the rationale. Further, the court does not provide a sufficient reason for a redistribution of assets, in this case the net proceeds, following a sale. If either party is entitled to the property based on an equitable review of the statutory factors, then it—or a portion thereof—should be awarded by the court at the time of the division.

On appeal, wife contends that the factors support the court's award. Among the statutory factors, the court is directed to consider in making an equitable division of property are the needs of each party, the party through whom property was acquired, the contribution of each spouse to the acquisition and appreciation of assets, and the respective merits of the parties. 15 V.S.A. § 751(b)(6), (10), (11), (12). On appeal, wife argues that these factors support the award of the property to her since she alleges she owned the marital home prior to the marriage, that her mother bought the garage property, that she made a larger contribution to the marriage both as homemaker and wage-earner, and that husband's criminal behavior resulting in a conviction for aggravated sexual assault was responsible for the break-up of the marriage. Husband contests these assertions. He argues he made an equal contribution to the marriage through his upkeep of the home, his employment, and his contribution to childcare. Because the trial court did not make findings related to these factors, we cannot affirm on this basis. It is up to the trial court to analyze the facts in the first instance; therefore, we must remand for additional findings and clarification.

Husband also raises issues regarding the procedure at the hearing, claiming that he did not receive an adequate opportunity to present evidence or to speak and that some conversation occurred when he was not connected by telephone. We find nothing in the record before us to support this claim. It is husband's burden as the appellant to provide a record sufficient for this Court to review his claims. V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."). Husband has not ordered a transcript of the hearing. Without the transcript, this Court is unable to properly review husband's arguments regarding the hearing. See State v. Synnott,

2005 VT 19, ¶ 25, 178 Vt. 66 (declining to consider argument because defendant failed to produce record showing alleged error).

On remand, the trial court is not required to take additional evidence, but must make findings to indicate the weight accorded various factors and the reasons for its decision.

Reversed and remanded.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice